UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
UNITED STATES OF AMERICA,            )
on behalf of its agency, the United  )
States Small Business Administration )
                                     )
                 Plaintiff,          )
                                     )
          vs.                        )    13 Civ. 1326-(LAW)
                                     )
ELK ASSOCIATES FUNDING CORP.,        )
                                     )
                 Defendant.          )
_____)

**MEMORANDUM IN SUPPORT OF RECEIVER'S MOTION FOR ENTRY OF AN ORDER APPROVING THE RECEIVER'S RECOMMENDED DISPOSITION OF CLAIMS, AUTHORIZING PAYMENT OF APPROVED CLAIMS AND ESTABLISHING SUMMARY DISPOSITION PROCEEDINGS**

In support of its Motion for an Order Approving the Receiver's Notice and Determination of Claims, Authorizing Payment of Approved Claims and Establishing Summary Disposition Procedures ("the Motion"), the United States Small Business Administration ("SBA" or "Receiver") as Receiver for Elk Associates Funding Corp. ("Elk") states as follows:

By order entered April 24, 2013 ("the Receivership Order"), this Court appointed the Receiver. Pursuant to Paragraph 1 of the Receivership Order, this Court took exclusive jurisdiction of Elk and all of its assets, and appointed the SBA as Receiver for Elk for the purpose of administering and liquidating all of Elk's assets and satisfying the claims of creditors in the order of priority as determined by this Court.

The Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date (the "Bar Date Order") was entered by this Court on April 10, 2014. The Receiver is now filing with this Court the Receiver's recommendation for the disposition of

1

claims received is also moving this Court for summary disposition of the claims which the Receiver recommends to be denied in the event such denials are contested.

The authority of this Court to set procedures for bar date claims is well grounded in the Act and in receivership practice. 15 U.S.C. § 687c; Fed. Rule Civ. P. 66; Guaranty Trust Co. v. Williamsport Wire Rope Co., 19 F. Supp. 482, 483-484 (M.D. Penn. 1937) (establishing a claims bar date and affirming jurisdiction of receivership court to determine all claims); Clark: Law of Receivers, § 651 (3rd Ed.)[1]. When the court orders claims presented to the receiver, the receiver must accept or reject the claims. In doing so the receiver acts in many respects as a master and passes on the validity and fairness of the claims and also to their legality. When the court reviews the receiver's findings of fact and law and approves or disapproves the findings, the court's action is equivalent to a final order. Clark: Law of Receivers, § 650; 656-657.

In support of the Receiver's Motion and the Receiver's Recommended Disposition of Claims, filed as an exhibit to the Motion, the Receiver states as follows:

1.  Pursuant to the Bar Date Order entered by this Court on April 10, 2014, the Receiver solicited claims against Elk, the Elk receivership estate, and assets or funds in the possession of the Elk Receiver.

2.  The Bar Date Order required all claims to be submitted to E. Kevin Dahill, Principal Agent for the Receiver, c/o Stephanie Sheridan, by the claims bar date of June 7, 2014.

3.  As noted in the Receiver's Recommended Disposition of Claims, notice of the claims bar date was sent *via* U.S. mail, postage prepaid to all persons or entities, other than the SBA, which the Receiver had reason to believe were creditors, agents, former directors or officers, shareholders, employees, partners, participant investors or lenders of Elk, portfolio

---

[1] The Receivership Court retains the ability to review claims that are not filed timely and to determine whether a good faith basis exists for the failure to file in a timely manner. See Hospelhorn v. Circle City Coal Co., 117 F.2d 166, 168 (6th Cir. 1941).

concerns of Elk, and to any other persons or entities who had, during the term of the receivership asserted a claim against Elk, the Elk receivership estate, or assets or funds in the possession of the Receiver.

4. As noted in the Receiver's Notice and Determination of Claims, Notice was published in the *New York Daily News,* a newspaper of general circulation serving New York, New York and Jericho, New York on May 30, 2014 and on June 5, 2014.

5. As noted in the Receiver's Notice and Determination of Claims filed herewith, nine (9) claims as well as the claim of SBA, the federal agency, were timely received by the Receiver in response to these mailed and published notices. The Receiver's recommendations for the disposition of the claims and its reasons in support of its recommendation are set forth in the Recommended Disposition of Claims.

6. In sum, as more fully explained in the attached Recommended Disposition of Claims, the Receiver is recommending:

    a. The payment of administrative expenses of the receivership estate;

    b. Next, the repayment of Receiver's Certificates;

    c. Next, after administrative expenses, Receiver's Certificates are paid in full, to the following creditors on a pro rata basis, as funds permit:

        i. Marino Partners LLP in the amount of $21,083.21;

        ii. Trans Union LLC in the amount of $43.45;

        iii. Porzio, Bromberg & Newman in the amount of $13,536.40;

        iv. Seyfarth Shaw, LP in the amount of $2,475.00;

        v. Iron Mountain, Inc. in the amount of $1,145.70;

        vi. Fundex Capital Corporation in the amount of $65,084.89;

      vii.    Bridge Funding Inc. in the amount of $68,442.36;

      viii.    Critical Capital Growth Fund, LP in the amount of $39,584.15; and

      ix.    To SBA in the amount of $20,780,072.82, plus accrued interest.

    d.    Next, after administrative expenses, Receiver's Certificates, if any, and general unsecured claims, including the claim of SBA, are each paid in full, to the shareholders of Elk as set forth in Elk's organizational documents;

    e.    The denial of the following claims:

      i.    General Electric Credit Corporation for an unspecified amount.  This claim is a contingent claim based on an indemnification provision that has not ripened and that has no cap on the indemnification amount.  As such, the claim amount cannot be reasonably calculated or ascertained with finality.  See *Pennsylvania Steel Co. v. New York City Ry. Co.*, 198 F..721, 738 (2d Cir. 1912) (finding that "[t]he settlement of estates cannot be held open to await contingencies. Orderly administration requires that at some reasonably speedy time all claims should be so liquidated as to afford a basis for distribution"); 3  Ralph Ewing Clark, *Treatise on the Law and Practice of Receivers*, §682 (3d ed. 1959 & Supp. 1968.

    7.    In the event there is an objection to the Receiver's recommendation, the Receiver is requesting that, in accordance with paragraph 7 of this Court's April 10, 2014, this Court establish summary proceedings to resolve the objections without need of a hearing.  Thus, the Receiver respectfully submits that the establishment of a summary proceeding by which (1) any objections be filed within thirty (30) days from the date of service of a copy of this Order by the Receiver on the claimant and be accompanied by all supporting documentation and a Memorandum of Law; (2) the Receiver file a Reply in Rebuttal to any such objection and memorandum within thirty (30) days of receipt of such pleadings from the objecting claimant;

and (3) that this Court resolve any such opposition(s) without hearing, unless this Court decides otherwise.  See United States v. Arizona Fuels Corp., 739 F.2d 455, 458 (9th Cir. 1984)(holding that receivership courts have general power to use summary procedure in allowing, disallowing and subordinating claims of creditors); S.E.C. v. Pension Fund of America, L.C., 2009 WL 1563907 *1, *3 (S.D. Fl. June 2, 2009) (utilizing summary disposition proceedings on Receiver's objections to claims).

WHEREFORE, the Receiver moves this Court to enter the proposed Order filed herewith, approving the Receiver's recommendations and determination of claims received in response to the claims bar date and establishing a summary disposition procedure whereby those claimants who oppose the Receiver's recommendations are directed to file Motions in opposition with this Court within 30 days of receipt of notice of entry of the proposed order submitted herewith.

Dated: January 30, 2015                    Respectfully submitted,


/s_____
ARLENE M. EMBREY
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:     (202) 205-6976
Facsimile:      (202) 481-0324
Arlene.embrey@sba.gov

5