UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA,            )
on behalf of its agency, the United          )
States Small Business Administration       )
                                                              )
                        Plaintiff,                        )
                                                              )
            vs.                                            )      13 Civ. 1326-(LAW)
                                                              )
ELK ASSOCIATES FUNDING CORP.,    )
                                                              )
                        Defendant.                   )
_____ )

## ORDER

Upon full consideration of the Motion of the U.S. Small Business Administration as Receiver for Elk Associates Funding Corporation ("Elk") for Entry of an Order Approving the Receiver's Disposition of Claims, Authorizing Payment of Approved Claims and Establishing Summary Disposition Proceedings, and this Court being duly advised as to the merits,

**IT IS HEREBY ORDERED THAT:**

    1.   The Receiver's Motion for Entry of an Order Approving the Receiver's Recommended Disposition of Claims Received, Authorizing Payment of Approved Claims and Establishing Summary Disposition Procedures is **GRANTED**; and

    2.   The Receiver's Recommended Disposition of Claims Received in Response to the Claims Bar Date, and the Receiver's recommendations therein are **APPROVED**; and

    3.   The Receiver is authorized to pay the following claims and expenses in the following order of priority, to the extent of available receivership assets, and the following claims are hereby **APPROVED**:

    a.   First, to the payment of administrative expenses;

b. Next, after administrative expenses have been paid in full, to the payment of Receiver's Certificates;

c. Next, after administrative expenses and Receiver's Certificates have been paid in full, the payment of the following unsecured general claims on a pro rata basis as funds become available:

    i. Marino Partners LLP in the amount of $21,083.21;

    ii. Trans Union LLC in the amount of $43.45;

    iii. Porzio, Bromberg & Newman in the amount of $13,536.40;

    iv. Seyfarth Shaw, LP in the amount of $2,475.00;

    v. Iron Mountain, Inc. in the amount of $1,145.70;

    vi. Fundex Capital Corporation in the amount of $65,084.89;

    vii. Bridge Funding Inc. in the amount of $68,442.36;

    viii. Critical Capital Growth Fund, LP in the amount of $39,584.15; and

    ix. SBA in the amount of $20,780,072.82 plus accrued interest.

d. Next, after payment of administrative expenses, Receiver's Certificates and general unsecured claims are each paid in full, then a return of capital to be distributed to the shareholders of Elk in accordance with Elk's Articles of Incorporation and By-Laws.

4. The following claims are hereby **DENIED:**

a. General Electric Credit Corporation for an unspecified amount.

5. Any claimant who opposes the Receiver's recommended disposition of its claim, which recommended disposition is hereby approved and ratified by this Court, is **ORDERED** to either file a Motion in Opposition to the Receiver's recommended disposition of its claim, together with a Brief in Support of its Motion which sets forth the specific factual and legal

grounds for its opposition, and a proposed Order, within thirty (30) days from the date of service of a copy of this Order by the Receiver on the claimant, or such claimant's claim shall be forever barred and deemed null and void, and such claimant shall be permanently enjoined from asserting, pursuing or prosecuting any such claim against Elk, the Elk Receiver, their successors and assigns, and/or against any assets or funds in the possession of the Receiver. The claimant is ordered to serve copies of its Motion, Brief, exhibits and proposed order, if any, on the attorney for the Receiver *via* first class mail, postage pre-paid;

6. The Receiver is hereby authorized to file a Brief in Rebuttal to any such Motion and Brief within thirty (30) days of receipt of such Motion and Brief. This Court shall resolve any such opposition(s) on the basis of the claim documents previously submitted to the Receiver, the Receiver's Recommended Disposition of Claims Received in Response to the Claims Bar Date, along with the Motion and Memorandum accompanying thereto, the claimant's Motion and Brief in opposition, and the Receiver's Rebuttal Brief thereto, without hearing, unless this Court decides *sua sponte* to order otherwise.

7. This Order shall become a Final Order thirty (30) days after service hereof by the Receiver with respect to any persons who do not file timely opposition, and all such persons, as well as all other persons who failed to file claims pursuant to the terms of this Court's April 10, 2014 Order shall be forever barred and permanently enjoined from asserting, pursuing or prosecuting any pre-Bar Date Claim (i.e., arising before June 7, 2014) against Elk, the Elk Receiver, their successors and assigns, and/or assets or funds in the possession of the Receiver.

8. The Receiver is ordered to serve copies of this Order on all claimants and parties of record.

**SO ORDERED** this \_\_\_ day of _____, 20\_\_.

_____
The Honorable Leonard A. Wexler
United States District Court Judge