## GOTTESMAN, WOLGEL, FLYNN, WEINBERG & LEE, P.C.
A Professional Corporation Incorporated in the State of New York

SAMUEL GOTTESMAN (1905-1974)
HAROLD H. WOLGEL (1920-2010)
LAWRENCE L. FLYNN
STEVEN WEINBERG
STEWART W. LEE ◊
KELSEY BILODEAU ◊
_____
RICHARD B. DEMAS
CHARLOTTE LICKER ◊
◊ Also Admitted in New Jersey

ATTORNEYS AT LAW
11 HANOVER SQUARE
NEW YORK, N.Y. 10005-2870
———
TELEPHONE (212) 495-0100
FACSIMILE (212) 480-9797

WRITERS E-MAIL:
sweinberg@gottesmanlaw.com

IN REPLY REFER TO
14863

May 29, 2020

**VIA ECF & FIRST-CLASS MAIL**
The Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *United States of America v. Elk Assoc. Funding Corp.,* Civ No. 13-cv-1326

Dear Judge Seybert:

We are local counsel for the U.S. Small Business Administration as Receiver for Elk Associates Funding Corp. (the "Receiver"), the court-appointed receiver in this action. We write in regards to Feinsod and Feinstein's ("Movants") May 27, 2020 letter (ECF Doc. 112), requesting a determination of Movants' motion to lift stay to file a proposed action against the SBA, as federal agency, to "enforce the 2012 settlement agreement" (the "Proposed Action"). Movants have not fulfilled the *Wencke* factors required to lift the stay. The Receiver respectfully refers the Court to the Receiver's opposition to Movants' lift stay motion (ECF Doc. 106).

The Receiver also respectfully refers the Court to the Orders of Judge Bianco and Magistrate Judge Locke in the related action *Elk v. Feinsod, et. al.,* 17-cv-3586 (the "D&O Action"). On October 1, 2018, Judge Bianco denied the defendants, including Movants, motion to dismiss the complaint in the D&O Action, and explicitly rejected the defendants argument that the settlement agreement release requires the D&O Action to be dismissed, stating "because the SBA is bringing this action in its role as receiver for Elk, the terms and conditions of the settlement agreement do not apply here." *See D&O Action ECF Doc. 66, pg. 12, N. 11*. Similarly, on March 2, 2020, Magistrate Judge Locke denied Movants' motion seeking to stay discovery in the D&O Action based on Movant's pending lift stay motion and Proposed Action. *See D&O Action ECF Doc. 143, letter motion and opposition at ECF Docs. 133 & 135.*

Discovery, at Magistrate Judge Locke's direction, is continuing in the D&O Action. *See D&O Action ECF Doc. 143.* The decisions in the D&O Action are clear that *even assuming arguendo* that this Court lifts the stay, and Movants' file the Proposed Action, those actions will not "obviate the need for further discovery" in the D&O Action as Movants contend. Movants assertion of a counterclaim for indemnity, exhaustion of an insurance policy and statement they will incur attorneys' fees and costs in the D&O Action, are irrelevant and do not support the *Wencke* factors to lift the stay in this action. The Receiver also notes that Movants' assertion that

The Honorable Joanna Seybert
U.S. District Court for the E.D.N.Y.
May 29, 2020
Page 2

the defendants in the D&O Action will successfully defend against the Receiver's claims, prevail on their counterclaim for indemnification, and that at that time the receivership estate "may lack the resources to pay the indemnification", is pure speculation on Movants' part and similarly irrelevant to Movants' lift stay motion.

  The Receiver respectfully refers Your Honor to the Receiver's November 22, 2019 unopposed motion seeking to lift the judicial stay for the limited purpose of permitting the Receiver to renew a September 24, 2010 judgment (ECF Doc. 107).  The Receiver's judgment lien expires on September 24, 2020.  Timely judgment renewal will prevent any intervening lien from taking priority on the judgment debtors' real property. *See* NY Civ. Practice Rule §5203.  The Receiver's motion is not related to the pending adversary proceedings.  Thank you.

              Respectfully submitted,

                /s/

              Steven Weinberg

CC: All Parties (VIA ECF ONLY)