UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>on behalf of its agency, the United<br>States Small Business Administration<br><br>Plaintiff,<br><br>vs.<br><br>ELK ASSOCIATES FUNDING CORP.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   13 Civ. 1326-(JS)<br>)<br>)<br>)<br>)<br>)<br>) |

**RECEIVER'S SEVENTH REPORT FOR THE PERIOD OF
MAY 1, 2019 THROUGH DECEMBER 31, 2020**

## I.   INTRODUCTION

This Seventh Receiver's Report ("Receiver's Report") is being filed with this Court by the U.S. Small Business Administration ("SBA" or "Receiver"), which was appointed Receiver for Elk Associates Funding Corporation ("Elk'") pursuant to the Consent Order of this Court dated April 24, 2013.

This Seventh Receiver's Report, and the Schedule of Cash Receipts and Disbursements attached hereto as **Exhibit A**, covers the activities and cash position of the receivership for the period of May 1, 2019 through December 31, 2020, and include significant activities that occurred since December 31, 2020 and before the filing date of this Seventh Receiver's Report.

## II.   BACKGROUND

Elk Associates Funding Corporation is a corporation formed under the laws of the state of New York and is wholly owned by its parent Ameritrans Capital Corporation ("Ameritrans"), a Delaware corporation, which was a NASDAQ-traded company until it was delisted in July 2013. Elk and Ameritrans shared the same officers and directors until the Receiver was appointed on April 24, 2013. The sole purpose of Elk is to

1

operate as a Small Business Investment Company ("SBIC"), licensed by SBA pursuant to 15 U.S.C. § 681(c) on or about July 24, 1980 as SBIC License No. 02/02-5377.  Elk's SBIC License Agreement acknowledges that Elk was required at all times to be operated in accordance with the Small Business Act, as amended (the "Act"), and the Code of Federal Regulations, specifically Title 13, Part 107 (the "Regulations"). SBA provided leverage to Elk through the purchase and/or guaranty of debentures, a form of leverage, as those terms are defined under the Regulations. Subsequent to receiving SBA funding, Elk violated various provisions of SBA's Regulations.  Accordingly, on February 24, 2013, SBA filed a complaint against Elk and Elk consented to SBA's appointment as Receiver.  On April 24, 2013 this Court entered an Order ("Receivership Order"), by which it appointed the SBA as permanent Receiver of Elk for the purpose of liquidating all of Elk's assets and satisfying the claims of creditors in the order of priority as determined by this Court.  Paragraph 12 of the Receivership Order provides that SBA is entitled to a judgment against Elk in the amount of $21,175,000 as of October 26, 2012, plus accrued interest through the date of entry of the Receivership Order (as reduced by principal and interest payments received by SBA, plus post-judgment interest pursuant to 28 U.S.C. §1961).

In April 2018, this case and its companion case, _U.S. Small Business Administration as Receiver for Elk Associates Funding Corp. v. Michael Feinsod, et al_  Civil Action No.2:17-cv-03586 (JS)(SIL) (_see_ Section V, _Litigation_, below), were assigned to Judge Joseph Bianco.  In June 2019, both cases were assigned to Judge Joanna Seybert and Magistrate Judge Steven I. Locke.

In March 2020, the Receiver filed an ancillary action. action _U.S. Small Business Administration as Receiver for Elk Associates Funding Corp. v. Ameritrans Holdings, LLC, et. al._ Civil Action No. 20-cv-01166 (_see_ Section V, Litigation, below), which is presided over by Magistrate Judge Locke.

### III.  OPERATION OF THE RECEIVERSHIP

#### A.  General Operations

The overall function of the Receiver is to identify, marshal and liquidate the assets of Elk. To that end, the Receiver analyzed records kept by the former management of Elk as well as records of Elk's parent Ameritrans and SBA's records, prepared schedules and valuations of Elk's assets, solicited and analyzed claims against Elk and recommended to this Court their appropriate dispositions, and commenced legal proceedings to recover assets of Elk. The Receiver has sold assets, collected funds due to Elk and otherwise continues to administer the receivership in order to effectuate an orderly liquidation of Elk subject to the approval of this Court. Specific actions taken by the Receiver during this reporting period are discussed in greater detail below.

#### B.  Notice of Receivership

In accordance with paragraph 4 of the Receivership Order, the Receiver gave written notice of its appointment to the relevant individuals and entities to the extent the Receiver was able to obtain correct mailing addresses.  In addition, the Receiver sent notices of its appointment to all U.S. District Courts, in accordance with 28 U.S.C. §754.

#### B.  Receivership Office Location

As of January 31, 2020, the SBA Receivership Office located at 1100 G St, NW, Washington DC was closed and the Receiver's new mailing address is 7501 Wisconsin Avenue, Suite 400 E, Bethesda, MD 20814. The Receiver's post-receivership cash management files and collateral files were inventoried and transferred to the new location.  Elk's pre-receivership files are located in offsite storage at Iron Mountain locations in Jessup, MD and in Newark, NJ.

C. **Personnel**

Pursuant to paragraph 5 of the Receivership Order, the Receiver utilizes the services of accountants, attorneys and other professionals to assist the SBA in operating the receivership. In June 2016, the Court approved the retention of Christine Lewis to serve as Principal Agent for the Receiver. The Riggs Group, P.C., a Washington, D.C. based accounting firm, was retained to maintain accounting records, perform cash management functions, and prepare federal and state tax returns and related filings. Beginning April 1, 2020, the Receiver retained CohnReznick, LLP to provide cash management and tax preparation services and maintain the accounting books and records of the Receiver, as well as forensic accounting and litigation support services. Additionally, the Receiver has retained the law firm of Gottesman, Wolgel, Flynn, Weinberg & Lee, P.C. to represent the Receiver in New York in general receivership and litigation matters, the law firm Shechtman Halperin & Savage and also the services of Thomas E. Carlotto, Esq. of DarrowEverett LLP to represent the Receiver in Massachusetts, and the Washington DC office of Baker Donelson to advise on legal matters involving securities transactions and tax matters.

D. **Claims Matters**

A motion to establish the form and manner of notice to claimants and establishing a Claims Bar Date was filed on April 11, 2014 and the Order approving that motion was entered on May 5, 2015. Twelve (12) claims were submitted by the Bar Date. On May 5, 2015, this Court entered an order approving the Receiver's recommendation of the treatment, priority and payment of those claims which totaled $211,395.16. With the exception of SBA's claim, all court-approved claims have been paid in full, and the Receiver has made payments totaling $2.5 million to SBA as partial payments of its court-approved claim. The only remaining claims are ongoing administrative expenses of the receivership and the remaining portion of the SBA claim.

E.  **Accounting and Tax Matters**

The Receiver notified the federal and New York State taxing authorities that Elk was placed into federal receivership and that this Court has exclusive jurisdiction of all matters involving the Elk receivership estate. Elk maintains its books and files its tax returns based on a fiscal year end of June 30. The Receiver retained The Riggs Group, P.C. to prepare the tax returns for the fiscal years ended June 30, 2013 through June 30, 2019, inclusive, which were filed by the respective filing dates. The Receiver retained CohnReznick LLP to prepare the federal, state and local tax returns for the fiscal year ended June 30, 2020, which were filed by the filing deadline. As of this date Elk is current on all tax filings.

F.  **Corporate Compliance**

Elk is a New York corporation. The Receiver notified the Secretary of State for New York when Elk was placed in receivership. CT Corporation serves as the registered agent in New York.

IV.  **ASSET ACCOUNTS**

At the start of the receivership, the Receiver identified twenty-one (21) asset accounts, including loan accounts, equity investments, artwork, computer equipment and claims for accounts receivable from Elk's parent. To date, the Receiver has sold, collected, or closed sixteen (16). (*see* Section B, below,). The status and Receiver's recommendations as to the remaining five (5) assets and claims are discussed in Section C, below. During the course of the receivership, the Receiver identified additional claims of Elk which the Receiver is pursuing through litigation, as discussed in Section V, Litigation, below.

A.  **Cash**

There was $17,415.85 cash on hand at the start of the Receivership. Since the inception of the receivership, there has been an increase in funds in the amount of $7,193,938. The increase in funds is

comprised of proceeds from repayments of loans, sales of assets[1], recoveries from litigation settlements, and miscellaneous refunds and reimbursements. Disbursements from Receivership Operations total $2,203,979; Distributions from Receivership Operations to pay court-approved creditor claims, including a total of $2.5million as partial payments of SBA's judgment, and payments to participants totaled $2,858,779. The balance in the account as of December 31, 2020 was $2,132,632. A detailed Summary of Cash Receipts and Disbursements during this reporting period and from the inception of the receivership through December 31, 2020 is attached as **Exhibit A** to this Report.

C. **Open Assets**

1. **Andy Fur Dry Cleaning**

Andy Fur Dry Cleaning, Inc. was a New York City- based fur cleaning and storage business that defaulted on a loan made by Elk in 2004 in the original principal amount of $60,000. Upon default in repayment in 2009, Elk obtained a judgment against Andy Fur, Inc., Andy Fur Dry Cleaning, Inc, and personal guarantor Irene Zoumis in the amount of $18,668 in October 2010. On February 8, 2019, the Receiver sent demand letters sent to Andy Fur, Inc., Andy Fur Dry Cleaning, Inc, and Irene Zoumis via UPS 2nd Day Air. On March 18, 2019, demand letters to the entities were re-sent c/o Irene Zoumis as president of each entity at her residence. The total amount of the demand was $33,076.07, including $18,668.26 principal plus post-judgment interest of $14,407.81 through April 19, 2019, which was the response deadline. However, none of the debtors responded to the demand letters. The judgments have been docketed in the proper jurisdictions. On November 22, 2019, the Receiver moved in this action to lift the stay imposed by the Receivership Order in order to proceed with obtaining a renewal of the judgment. By Minute Order dated July 30, 2020, this Court granted the Receiver's

---

[1] A listing of assets sold in prior reporting periods can be found in the Sixth Receiver's Report (Docket No. 98-2) at pp. 5-7.

motion. On August 4, 2020, the Receiver filed a Complaint in the Supreme Court of the State of New York, County of Nassau seeking to renew the judgment. The defendants did not answer or appear. On September 23, 2020, the Receiver filed a motion for default judgment seeking to renew the judgment; no opposition was filed. The Supreme Court of the State of New York, County of Nassau administratively adjourned the Receiver's motion for default judgment's submission date from October 13, 2020 to March 30, 2021. The Receiver will update the Court as to the status of this judgment.

**2.    Charlie Brown's Acquisition Company**

On or about June 28, 2007, Elk originally made a loan to Charlie Brown Acquisition Company in the original principal amount of $2,000,000 with interest accruing at 10.25% and maturity date of November 14, 2014. However, Charlie Brown's Acquisition Company's parent company filed for bankruptcy pre-receivership in 2010. A bankruptcy plan was subsequently completed and approved by the relevant court. Under the Plan, proceeds to second-tier, secured lenders (Elk's position) are dependent upon the proceeds of the sale of Bankruptcy Trust assets. The Liquidating Trustee informed the Receiver that resolution of the claims reconciliation process occurred in December 2019 and distribution was made to the shareholders' representatives. However, no subsequent distribution was received by the Receiver. Upon the Receiver's confirmation as to whether funds are to be distributed for Elk's claim, the Receiver will inform this in the next Receiver's Report.

**3.    Berko Realty**

Berko Realty was a joint participation loan led by Fundex Capital Corporation ("Fundex" or "Lead Lender"). Fundex subsequently made demand on Berko and entered into a Forbearance Agreement that requires periodic payments and matured in July 2017. Fundex received periodic

payments from the debtor and remitted to the Receiver Elk's pro-rata share of each payment. The remaining balance due to Elk is approximately $5,250. Fundex advises that the debtor is in default and the lead lender is taking actions to collect the debt. The Receiver will update the Court in the next Receiver's Report.

**4.     10,000 shares of Ameritrans Capital Corporation common stock.**

On October 5, 2016, Ameritrans filed for a voluntary petition for protection under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts ("Ameritrans Bankruptcy Action"). Ameritrans's Official Form 206Sum shows that its liabilities of $12,854,403.33 exceed its assets of $736,163.80, therefore rendering its common stock valueless.

**5.     Receivable from Ameritrans:**

In its disclosure forms filed in the Ameritrans Bankruptcy Action, Elk is named as an unsecured creditor in the amount of $12,339,927, which debt was recorded on the books and records of Ameritrans as "Due to Elk", and was recorded as an asset on Elk's books and records as "Due from Ameritrans". This obligation arose from cash transfers from Elk to Ameritrans and from payments made by Elk for Ameritrans's expenses. On January 20, 2017, the Receiver filed its Proof of Claim in the amount of $12,339,927, which was claim was later amended on June 2, 2017 to $14,271,038 upon the discovery of additional Elk funds improperly used by Ameritrans. The Ameritrans Bankruptcy Action is pending.

## V. LITIGATION

A. *U.S. Small Business Administration as Receiver for Elk Associates Funding Corp. v. Michael Feinsod, et al* Civil Action No.2:17-cv-03586, U.S.D.C. E.D.N.Y.

During the course of its forensic analysis of Elk's and Ameritrans's records, the Receiver became aware of numerous pre-receivership irregularities in the operation of Elk, which caused the Receiver to commence a civil action in this Court against Elk's officers and directors for breaches of fiduciary duties, ultra vires acts, waste of corporate assets, conversion, negligence, aiding and abetting a breach of fiduciary duty, civil conspiracy, and gross negligence. Filed on June 14, 2017, the action is titled *U.S. Small Business Administration as Receiver for Elk Associates Funding Corporation v. Michael Feinsod, et al* (Case No. 2:17-cv-03586, E.D.NY) ("O&D Action").

In its complaint, the Receiver alleges that the eleven officers and directors of Elk named therein caused and/or approved improper advances from Elk to Ameritrans of at least $14,271,038, and that the advances by Elk to Ameritrans, which were approved by the Boards of Directors of both companies, constitute violations of the Regulations, including, but not limited to, 13 C.F.R. §107.730, *Conflict of Interest*, and 13 C.F.R. §107.885, *Disposition of Assets to an Associate*. As a result, the Receiver determined that Elk's officers and directors, both individually and together with each other, took actions or failed to act when appropriate in violation of applicable state law, the Small Business Investment Act, SBA's Regulations, and Elk's Articles of Incorporation. The wrongful acts or omissions include but are not limited to:

- Causing Elk to transfer at least $7,491,139 to Ameritrans to pay its management and operating expenses;

9

- Causing and allowing the wrongful transfer of Elk's cash for no consideration of at least $6,779,898 to Ameritrans to satisfy its liabilities to its creditors and/or maintenance of Ameritrans's investments

- Making, causing, or allowing to be made, illegal loans to Ameritrans to unjustly enrich the defendants and others at Elk's expense.

On October 1, 2018, this Court entered its Memorandum and Opinion in response to the Receiver's ("Plaintiff") action against Elk's Officers and Directors ("Defendants") and Defendants' motions to dismiss. In summary, the Court's Memorandum and Opinion grants Defendants' motions to dismiss as to the Receiver's claims for aiding and abetting breach of fiduciary duty, and defendants Feinsod's, Feinstein's and Mullens' motions to dismiss as to the Receiver's claim for conspiracy. Defendants' motions to dismiss are denied as to all other of the Receiver's claims. The Defendants filed Amended Answers on July 1, 2019.

On June 18, 2019, the Court held a Scheduling Conference and established the Discovery/Scheduling deadlines for Discovery Phases 1 and 2, set forth in the Court's Scheduling Order entered June 21, 2019 (Docket No. 104), which was amended by agreement of the parties and stipulation filed on October 15, 2020 (Docket No. 160) and approved by Magistrate Judge Locke's docket text order entered on October 16, 2020. The parties are proceeding in accordance with the revised scheduling order which provides for discovery to be completed by July 30, 2021.

<u>Settlements with Defendants</u>

Since the filing of the Sixth Receiver's Report, the Receiver has entered into settlement agreements with three of the defendants. Each of the parties has performed in accordance with the terms of his or her respective settlement agreements and to date the Receiver has received a total of $3.3 million in settlement payments. There remain eight defendants who have not

10

submitted settlement offers and against whom the Receiver is continuing to pursue its claims in the O&D Action.

B.     *U.S. Small Business Administration as Receiver for Elk Associates Funding Corp. v. Ameritrans Holdings, LLC. et. al.* Civil Action No. 20--cv-03586, U.S.D.C. E.D.N.Y.

In the course of the Receiver's investigation, the Receiver learned that Elk's funds were improperly used to pay Ameritrans's debts. In March 2019, the Receiver sent demand letters to various third parties to recover those funds, but no payments have been made to the Receiver. By Orders entered June 11, 2019, this Court lifted the stay imposed by the Receivership Order to allow the Receiver to pursue its equitable claims, including commencement of litigation to collect those funds, if necessary.

On March 3, 2020, the Receiver filed suit against Ameritrans Holdings, LLC, Bounty Investments LLC, Renova US Management, LLC (n/k/a Sparrow Capital Holdings, LLC d/b/a Columbus Nova).  Civil Action No. 20-cv-01166, as an ancillary action to the Receivership Action, as ancillary action to this Receivership Action, which case is currently presided over by Magistrate Judge Locke.  Subsequently, Defendants filed a joint motion to dismiss and the Receiver filed its opposition on October 15, 2020, which motions are pending before the court. The Receiver will update this Court as the status of this ancillary action in the next Receiver's Report.

## VI.     RECEIPTS AND DISBURSEMENTS

This Receiver's Report was prepared by Christine Lewis, Principal Agent for the Receiver, with accounting information provided by CohnReznick LLP, accountants to the Receiver.  The schedule attached as **Exhibit A** to this Report sets forth Cash Receipts and

11

Disbursements for this reporting period from May 1, 2019 through December 31, 2020 and from the start of the receivership on April 24, 2013 through December 31, 2020.

Respectfully submitted,

Dated: 3/22/2021

CHRISTINE M. LEWIS
Principal Agent for SBA as Receiver for
Elk Associates Funding Corporation

**SBA, Receiver for ELK ASSOCIATES, FUNDING CORP.**                                                            Exhibit A

The schedule below sets forth receipts and disbursements during
the periods from 05-01-19 to 12-31-20 and from 04-24-13 to 12-31-20.

|  | *Unaudited* | |
|---|---|---|
|  | 05-01-2019 to 12-31-2020 | 04-24-2013 to 12-31-2020 |
| 1. Cash on Hand at the Beginning of Period | $  426,233.66 | $   17,415.85 |
| 2. Receipts and Disbursements from Receivership Operations | | |
|    A. Receipts from Receivership Operations: | | |
|       Payment on Loans: | | |
|          Conklin Services & Construction, Inc. | | 297,724.36 |
|          Education Affiliates, Inc. | | 285,113.95 |
|          Soundview Broadcasting LLC | | 273,257.81 |
|          Golden Triangle Enterprises LLC | | 158,500.00 |
|          Greaves-Peters Laundry Systems | | 34,595.18 |
|          Berko Judgment | | 6,000.00 |
|       Subtotal Payment on Loans: | $             - | $1,055,191.30 |
|       Sale of Assets: | | |
|          Soundview Broadcasting LLC | | 1,493,350.00 |
|          E&Y General Construction Co. | | 981,035.00 |
|          Mountain View Bar & Grill | | 235,744.75 |
|          Alpha Media Group Inc. | | 86,307.57 |
|          Fusion Telecommunications Int. | | 6,514.27 |
|       Subtotal Sale of Assets: | $             - | $2,802,951.59 |
|       Other Receipts: | | |
|          Interest Earned From Cash Accounts | 9,217.67 | 25,459.08 |
|          Sale of Art Works {Held at Auction} | | 16,104.00 |
|          633 Mead Street Property | | 9,000.50 |
|          New York State {Tax Refund} | | 2,646.72 |
|          Dividend Earned From Cash Accounts | | 0.73 |
|          Litigation Recoveries | 3,300,000.00 | 3,300,000.00 |
|       Subtotal Other Receipts: | $3,309,217.67 | $3,353,211.03 |
| Total Receipts from Receivership Operations | $3,309,217.67 | $7,211,353.92 |
| B. Disbursements from Receivership Operations: | | |
|       Operational Disbursements: | | |
|          Accounting/Bookkeeping Fees | $    91,315.42 | $  598,140.46 |
|          Agent Fees | 165,545.01 | 552,016.33 |
|          Legal Services | 257,276.76 | 549,387.35 |
|          Rent/Overhead Allocation | 45,059.78 | 231,500.29 |
|          IT Systems Support Expenses | 20,890.92 | 113,235.48 |
|          Administrative Services | 3,666.53 | 43,380.97 |
|          Record Storage | 12,483.99 | 46,677.46 |
|          Travel Expenses | 3,320.93 | 19,257.02 |
|          Bank Charges/Trustee Fee | $      3,806.96 | $    14,279.97 |

**SBA, Receiver for ELK ASSOCIATES, FUNDING CORP.**                                                                Exhibit A

Operational Disbursements (continued from page 1):

|  | *Unaudited* | |
|---|---:|---:|
|  | 05-01-2019 to 12-31-2020 | 04-24-2013 to 12-31-2020 |
| Bar Date Publication | $         - | $     8,249.42 |
| Corporate Taxes | 1,174.50 | 6,250.25 |
| Payroll Taxes Withholding & Expense {Pre- Receivership} |  | 4,353.60 |
| Delivery Services | 893.90 | 5,169.87 |
| Deposit For Receivership Office Space | (4,000.00) | - |
| Data Base Management |  | 2,826.14 |
| Computer Hardware/Software: Purchase and Maintenance |  | 2,349.00 |
| Repair/Maintenance {Property Managed by ELK} |  | 1,600.00 |
| Corporate Compliance | 397.60 | 1,573.83 |
| Office Supplies | 247.82 | 963.09 |
| Service of Process |  | 660.95 |
| Postage/Certified Mail Expenses | 93.27 | 671.50 |
| Payroll Filling Fees |  | 251.15 |
| Filling Fees | 614.80 | 860.70 |
| Photocopy | 6.60 | 200.55 |
| Unemployment Insurance {Unpaid Interest} |  | 63.75 |
| Communication Expenses | 24.05 | 59.39 |
| **Total Disbursements from Receivership Operations** | **$ 602,818.84** | **$2,203,978.52** |
|  |  |  |
| **Net Cash Increase from Receivership Operations** | **$2,706,398.83** | **$5,007,375.40** |
|  |  |  |
| **3. Borrowings for Receivership Operations** |  |  |
| Receiver's Certificates Obtained from SBA |  | 200,000.00 |
| Receivers Certificates Payment {with Interest} to SBA |  | (233,369.73) |
| **Total Borrowings for Receivership Operations** | **$         -** | **$  (33,369.73)** |
|  |  |  |
| **4. Distributions from Receivership Operations** |  |  |
| Payment On Judgement {to SBA} | 1,000,000.00 | 2,500,000.00 |
| Bar Date Claims Paid |  | 211,395.16 |
| Mountain View Bar & Grill {Expenses} |  | 132,920.87 |
| Participation and Settlement Re: Pinnacle |  | 14,473.00 |
| **Total Distributions:** | **$1,000,000.00** | **$2,858,789.03** |
|  |  |  |
| **5. Total Cash on Hand for the Period Ended December 31, 2020** | **$2,132,632.49** | **$2,132,632.49** |