UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA, on
behalf of its agency, the United
States Small Business                        ORDER
Administration,                      No. 13-CV-1326 (JS)(SIL)

                Plaintiff,

      -against-

ELK ASSOCIATES FUNDING CORP,

                Defendant.
--------------------------------X


APPEARANCES
For                      Arlene M. Embrey, Esq.
Receiver:                U.S. Small Business Administration
                         409 Third Street, S.W., Seventh Floor
                         Washington, District of Columbia 20416

                         Steven Weinberg, Esq.
                         Kelsey Bilodeau, Esq.
                         Gottesman, Wolgel, Flynn, & Weinberg, PC
                         11 Hanover Square, 4th Floor
                         New York, New York 10005

For Interested           Michael Feinsod, Pro Se
Party:                   200 South Service Road, Suite 207
                         Roslyn, New York 11577


SEYBERT, District Judge:

        Presently before the Court is the Motion for Reconsideration filed by Interested Party Michael Feinsod ("Feinsod"). ("Motion," ECF No. 141; see also Support Memo, ECF No. 141-1; Opp'n., ECF No. 142; Reply, ECF No. 144.) The Motion

1

seeks reconsideration of the Court's February 27, 2026 Order denying his prior Motion to Modify Stay for the Limited Purpose of Seeking Advancement (the "Prior Motion," ECF No. 135).  (See "Order," ECF No. 140.) Because Feinsod identifies no controlling authority or overlooked facts that would alter the Court's prior determination, the Motion is DENIED.

BACKGROUND

The Court presumes the Parties' familiarity with the factual background giving rise to the Action, including familiarity with terms defined in the February 27 Order.  (See Order.) On February 27, 2026, this Court denied Feinsod's Prior Motion, which sought to modify the Stay enjoining "all civil litigation involving Elk, Elk's assets, the Receiver, or Elk's present or past officers and directors, among others, absent permission from the Court."  (Id. at 1, 3.) Feinsod had sought to modify the Stay to allow him to initiate a separate proceeding to seek advancement of attorney's fees.  (Id. at 14.) In so denying, the Court concluded application of the three Wencke factors did not warrant modifying the Stay.  See S.E.C. v. Wencke, 622 F.2d 1363 (9th Cir. 1980),and S.E.C. v. Wencke, 742 F.2d 1230 (9th Cir. 1984); (see also Order at 14.).

On March 1, 2026, Feinsod filed the Reconsideration Motion and accompanying Memorandum of Law. (See Support Memo at

2

1.) The Support Memo only sparsely cites to legal authority and advances three principal arguments. First, Feinsod argues the Court erred in concluding that his filings were not entitled to the leniency generally afforded to pro se litigants because, although he is an attorney, he lacks litigation experience and is not currently practicing law.  (Id. at 3.) Second, he contends the Court's concerns regarding his ability to repay advanced funds were speculative because no thorough financial records had been presented at the stay-modification stage, and further maintains such issues are more appropriately addressed in a separate advancement proceeding.  (Id. at 4–5.) Third, Feinsod makes a new "narrower" proposal to hold any advancement proceeding in abeyance until a decision is rendered on the summary judgment motions pending in the Receiver Action.  (Id. at 5–6.) Feinsod contends the "narrower" proposal would address the "status quo" concerns identified in the Order.  (Id.)

On March 12, 2026, the Receiver filed its Opposition, asserting Feinsod failed to identify any overlooked legal authority or misapprehended facts present in the Order.  (Opp'n. at 1.) The Receiver further argues that Feinsod's proposed abeyance structure constitutes an improper attempt to obtain relief not requested in the Prior Motion and, in any event, would continue to invite protracted satellite litigation.  (Id. at 5–6.) On March 16, 2026, Feinsod filed his Reply.  (See Reply.)

ANALYSIS

I.    Applicable Law

"[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Yu v Knighted, LLC, 811 F. App'x 55, 57 (2d Cir 2020) (quoting Srader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995)).  As a Southern District Court explained in In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation:

> A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks omitted), and "can be granted 'only upon a showing of exceptional circumstances,'" Kubicek v. Westchester Cnty., No. 08-CV-372, 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986)). "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 288 (2d Cir. 2011) (internal quotation marks omitted).
>
> The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

4

overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). To succeed, the movant must carry the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Thus, "[r]econsideration should not be granted where the moving party seeks solely to relitigate an issue already decided; in addition, the moving party may not 'advance new facts, issues or arguments not previously presented to the Court.'" Christoforou v. Cadman Plaza N., Inc., No. 04-CV-08403, 2009 WL 723003, at *7 (S.D.N.Y. March 19, 2009) (quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y.1999)); see also Richard Feiner & Co. v. BMG Music Spain, No. 01-CV-0937, 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) (cleaned up) ("New arguments . . . are not to be considered [on a motion for reconsideration] unless there is some valid reason they could not have been previously advanced when the motion was originally argued.")[.] The decision to grant or deny a motion for reconsideration is "addressed to the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009).

No. 14-MC-2542, 2023 WL 3966703, at *2-3 (S.D.N.Y. June 13, 2023).

II.   Application

Feinsod's failure to identify any legal or factual authority the Court purportedly overlooked or misapprehended is fatal to his Motion.  See Yu, 811 F. App'x at 57 ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").  Such a wanting showing falls well short of what is required for the "exceptional relief" of a remedy as "extraordinary" as reconsideration.  Kubicek, 2014 WL 4898479, at *1; Drapkin, 818 F. Supp. 2d at 695.

Moreover, Feinsod's arguments concerning the three "discrete issues" warranting reconsideration are unavailing.  With respect to pro se leniency, Feinsod cites no authority suggesting a licensed attorney's litigation experience is relevant to this analysis.  To the contrary, the authority cited in the Order makes clear that where a movant "is a licensed attorney, the liberal-construction rule does not necessarily apply to his pleadings." Weslowski v. Zugibe, 96 F. Supp. 3d 308, 315 (S.D.N.Y. 2015), aff'd, 626 F. App'x 20 (2d Cir. 2015) (emphasis added).  To the extent Feinsod cites to Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010), in his Reply for the proposition that "the degree of solicitude afforded depends on the litigant's actual litigation experience and familiarity with federal practice, not bar status

6

alone", such reliance is unavailing.  (Reply at 3.)  <u>Tracy</u> addressed whether a <u>pro se</u> litigant, who was not an attorney but had substantial experience with litigation as a <u>pro se</u> party, was entitled to special solicitude.  <u>See</u> 623 F.3d at 100-01.  Indeed, <u>Tracy</u> explained "a lawyer representing himself ordinarily receives no such solicitude at all," without any mention of an attorney's litigation experience.  <u>Id.</u> at 102 (further citation omitted).

Nor were the Court's repayment concerns speculative, based upon the record before it.  Feinsod, himself, advanced his financial woes; in support of the Underlying Motion, Feinsod advanced "the significant personal financial burden on" himself, further representing he had "exhausted the financial resources available to retain counsel."  (Order at 7; Feinsod Decl., ECF No. 137-2, <u>attached to</u> Underlying Reply.)  This certainly proved a basis for the Court's concerns.  Regardless, the Court independently rested its decision on the disruption of "the status quo via additional protracted litigation" that lifting the Stay would cause; and, Feinsod's newly-proposed "narrowed" course of relief would not rectify these concerns.  (Order at 7.) Moreover, as this argument is raised for the first time in Feinsod's reconsideration motion, it is procedurally improper.  <u>See</u> <u>Keurig Green</u>, 2023 WL 3966703, at *3 ("[a] motion for reconsideration is '[not] an opportunity for making new arguments that could have been previously advanced'" (quoting <u>Associated Press</u>, 395 F. Supp.

2d at 19)).   Even setting this procedural defect aside, the proposal would still risk disrupting "the status quo via additional protracted litigation."  (Order at 7.)

CONCLUSION

Accordingly, finding Feinsod has failed to meet the strict reconsideration standard, IT IS HEREBY ORDERED the Motion (ECF No. 141) is DENIED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 15, 2026
       Central Islip, New York